IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

REUNION INDUSTRIES, INC., )
)
    Plaintiff, )
) No. 8-609
  v. )
)
DOE 1 a/k/a DENUNZ2005, et al., )
)
    Defendants.

AMBROSE, Chief District Judge.

## OPINION AND ORDER

### SYNOPSIS

In this action, Plaintiff brings suit for commercial disparagement against Defendants, as the result of statements that Defendants posted on an internet bulletin board. Defendant Conner has moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), based on, <u>inter alia</u>, failure to effectuate service and expiration of the applicable limitations period. By Order of Court, I advised the parties that the Motion would be treated as one for summary judgment, and provided the opportunity to file additional materials.

For the following reasons, Defendant's Motion is granted.

### OPINION

**I. Plaintiff's Complaint**

Plaintiff's Complaint alleges that Defendant, using the pseudonym Pun2dex, made several postings on the internet relating to Plaintiff's business.

Plaintiff acknowledges that the postings occurred between August, 2005 and March, 2006. The present Complaint was filed in the Court of Common Pleas of Allegheny County on April 4, 2006, against three Doe Defendants, as their online pseudonyms denunz2005, stocker606, and pun2dex. Plaintiff, via letters rogatory and subpoenae, attempted to obtain information from the internet provider Yahoo! relating to the identity of the Doe Defendants.[1] Subsequently, Yahoo! Advised Plaintiff that it sent an "e-mail notification to the user named in the Subpoena indicating that a Subpoena…was issued." Thereafter, under cover of letter dated August 17, 2006, Yahoo! advised Plaintiff that the pun2dex online identity was registered under Defendant Conner's name. For the first time, on February 21, 2008, Plaintiff filed a Praecipe to Reinstate the Complaint, adding Conner as a Defendant. On May 5, 2008, Defendants removed the action to this Court.

Plaintiff alleges that after filing the Complaint, it "immediately" sent an electronic copy of the Complaint to pun2dex's e-mail address; and that, at some point, the internet provider advised Plaintiff that it would send a copy of the Complaint to Defendant. There is no affidavit or other record evidence to support these allegations, and no suggestion that the provider in fact sent a copy of the Complaint, or that Defendant Conner received such a copy. Moreover, the state court docket does not reflect service of the Complaint, as

---

[1] By Order of Court, Plaintiff was barred from discovering information relating to denunz2005. <u>Reunion Indus. v. Doe 1</u>, 80 Pa. D. & C. 4th 449 (Allegheny 2007). There is no suggestion that the Order related to any other Defendant. Moreover, contrary to Plaintiff's suggestion, the court did not, at that time, determine that the suit was validly commenced.

originally filed or as reinstated.

Additionally, on August 17, 2007, Plaintiff's CEO filed an action in state court, for false light and defamation, against Defendant Conner. That action was removed to this Court, and subsequently dismissed on statute of limitations grounds. Bradley v. Conner, No. CV-07-1347 (W.D. Pa. Nov. 29, 2007).

## II. Applicable Standards

Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the Court must examine the facts in a light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chem . Co., 898 F. 2d 946, 949 (3d Cir. 1990). The moving party bears the burden of demonstrating the absence of any genuine issues of material fact. United States v. Onmicare, Inc., 382 F. 3d 432 (3d Cir. 2004). Rule 56, however, mandates the entry of judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof. Celotex Corp. v. Cattrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 265 (1986).[2]

## III. Statute of Limitations

Defendant argues that this action should be dismissed, because Plaintiff

---

[2] Although I am treating the Motion under Rule 56, I note that the outcome would be the same under Rule 12(b)(6) standards.

failed to make a good faith effort to serve him with process within applicable time limitations.³ In particular, Defendant relies on the one-year statute of limitations for corporate disparagement, found at 42 Pa.C.S. § 5523(1). Because the pertinent events occurred while this action was in state court, both parties rely on Pennsylvania procedural standards. Therefore, I do likewise.

Pennsylvania Rule of Civil Procedure 401 requires that process be served within thirty days after the filing of a complaint, or ninety days if service is to be made out of state.⁴ Pa. R. Civ. P. 401(a). Once the time to serve a complaint has expired, a plaintiff may extend the permissible time for service by reinstating the complaint before again attempting service. Smith v. Philadelphia, 609 A.2d 873 (Pa. Commw. 1992). "If the applicable time has passed after the issuance of the writ or the filing of the complaint, the writ must be reissued or the complaint reinstated to be effective as process." Note to Pa. R. Civ. P. 401.

Moreover, "[a]lthough Pa.R.C.P. 401 (b)(2) states that '[a] writ may be reissued or a complaint reinstated at any time and any number of times'..., this cannot be construed to permit the reissuance of a writ or reinstatement of a complaint to 'revive' an action as to which the limitation period has expired." Witherspoon v. Philadelphia, 768 A.2d 1079, 1084 (Pa. 2001). A complaint may be reinstated, therefore, only during a period of time that, when calculated from

---

³This issue is distinct from the question of whether Plaintiff timely amended the caption to add the present Defendant. See Anderson Equip. Co. v. Huchber, 456 Pa. Super. 535 (Pa. Super. 1997). My disposal of this action obviates the need for further discussion of the amendment.

⁴It appears, from the affidavit filed along with the removal papers, that Defendant is located in Florida.

the filing date of the original complaint, is no longer than the applicable statute of limitations period. Jones v. Battle Creek Equip. Co., 1993 Phila. Cty. Rptr. LEXIS 183 (Phila. 1993).

Pennsylvania law, moreover, requires that a plaintiff make a good faith effort to effectuate service within the time limitations in order to toll the running of the statute. Lamp v. Heyman, 366 A. 2d 882, 888-89 (Pa. 1976); Pannill v. Seahorne, 420 A.2d 684, 687 (Pa. Super. 1980). Absent a good faith effort, the limitations period may be deemed to have expired prior to service.

> The conduct of plaintiff does not have to be some "overt act" to delay service. "Simple neglect and mistake to fulfill the responsibility to see that requirements for service are carried out may be sufficient to bring the rule … to bear." Whether or not the requisite effort was made is determined on a case by case basis.

Denochick v. Rapistan Demag, No. 01-1353, 2001 U.S. Dist. LEXIS 11624, 7-8 (E.D. Pa. June 18, 2001).

These rules are not to be seen as unimportant technicalities:

> Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed. . . . Without valid service, a court lacks personal jurisdiction of a defendant and is powerless to enter judgment against him or her. . . . Thus, improper service is not merely a procedural defect that can be ignored when a defendant subsequently learns of the action against him or her.

Cintas Corp. v. Lee's Cleaning Servs. Inc., 700 A.2d 915, 917-18 (Pa. 1997)

The burden of establishing a good faith effort to effectuate notice of commencement of the action lies with the plaintiff. McCreesh v. Philadelphia, 888 A.2d 664, 672 (Pa. 2005). Moreover, a complaint may be reinstated "at any time and any number of times." Pa. Civ. P. 401.

Here, the conduct that was the subject of Plaintiff's Complaint occurred, at the latest, in March of 2006; the statute, therefore, would have run in March of 2007.   The Complaint was filed on April 4, 2006; the time for service under Pa. R. Civ. P. 401, at the latest, expired on July 3, 2006.  The Complaint was not reinstated until 2008, and was never served.  Plaintiff seeks protection, however, in McCreesh v. Philadelphia, 888 A.2d 664 (Pa. 2005), which enunciated the principle that if a defendant has received actual notice, the case should only be dismissed if plaintiff's conduct prejudiced defendant, or plaintiff demonstrates an intent to stall the judicial machinery.  In particular, Plaintiff argues that Defendant received actual notice of the litigation when Plaintiff sent an electronic copy of the Complaint to Pun2dex's e-mail address, and because the involved internet provider advised Plaintiff that it would send a copy of the Complaint and Subpoena to Defendant.[5]

McCreesh, however, is inapplicable here.  McCreesh is premised on avoiding the dismissal of a case based on a technically defective, but actually successful, attempt at service – in McCreesh, a letter delivered by certified mail, in an attempt to comply with procedural rules, which the defendant admitted to having received. Id. at 215.  This case, unlike Mcreesh, involves neither a technical misstep nor evidence that Plaintiff furnished Defendant with actual notice,

---

[5]Plaintiff also argues that Defendant had actual notice of this action "by way of" the related defamation action, Kimball v. Conner.   Plaintiff does not explain how making Defendant aware of related allegations against him, even if the substance of both lawsuits are identical, constitutes notice of this particular litigation.

despite the misstep.[6]  Plaintiff does not assert that it believed or intended its e-mail to constitute service of process, and does not proffer proof of facts such as the date and time of the purported e-mail, its entire contents, from whom it originated, or Defendant's receipt thereof.[7]  Factual averments in a brief do not satisfy the nonmoving party's burden.  <u>Harter v. GAF Corp.</u>, 967 F.2d 846, 852 (3d Cir. 1992); Fed. R. Civ. P. 56.  Additionally, Yahoo!'s notice to Defendant that a subpoena had issued is not actual notice of the Complaint.  Indeed, Plaintiff has not identified a single attempt to effectuate proper service in this litigation.  Moreover, Plaintiff asserts, and the record reflects, that it learned Defendant's identity in August of 2006.  It is difficult to locate good faith in the fact that Plaintiff claims to have thus been aware of Defendant's identity long before it reinstated the Complaint, yet made no attempt to reinstate or serve the Complaint until almost two years after the original filing.

---

[6]The Pennsylvania Supreme Court, in <u>Mcreesh</u>, acknowledged that there may be circumstances in which actual notice was not required, absent prejudice.  <u>Mcreesh</u>, 888 A.2d at 674 n.20.  The Pennsylvania appellate courts have not expounded on that possibility, however, and I decline to speculate on their behalf.

[7]Notably, these assertions in Plaintiff's brief are unsupported.  Even if I were to accept them, however, they do not demonstrate actual notice.

> Actual notice has been defined as notice expressly and actually given, and brought home to the party directly. The term 'actual notice,' however, is generally given a wider meaning as embracing two classes, express and implied; the former includes all knowledge of a degree above that which depends upon collateral inference, or which imposes upon the party the further duty of inquiry; the latter imputes knowledge to the party because he is shown to be conscious of having the means of knowledge. In this sense actual notice is such notice as is positively proved to have been given to a party directly and personally, or such as he is presumed to have received personally because the evidence within his knowledge was sufficient to put him upon inquiry.

<u>Commonwealth v. Crockford</u>, 443 Pa. Super. 23, 31 (Pa. Super. 1995) (quoting Black's Law Dictionary, at 1061-62 (6th ed.)).

In other words, Plaintiff makes no proffer that it took action to "keep the legal machinery in play" prior to the expiration of the Complaint or the statute of limitations. The last docket event prior to the reinstatement of the Complaint was taken by the court, rather than Plaintiff, on March 5, 2007, and related solely to Defendant Doe 1. Again, this occurred long after Plaintiff learned the present Defendant's identity. The Pennsylvania Supreme Court has cautioned that its procedural rules are to be liberally construed; that forum has never, however, suggested that the rules be ignored. Taking cognizance of those guidelines, judgment must be entered against Plaintiff.

## CONCLUSION

In sum, there is no genuine issue of material fact that Plaintiff failed to make a good faith effort to effectuate service prior to the expiration of the Complaint. Accordingly, Defendant is entitled to judgment in his favor.

## ORDER

AND NOW, this 11th day of July, 2008, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Dismiss [Docket No. 4] is GRANTED. Judgment is hereby entered in favor of Defendant. The Clerk of Courts is directed to mark this matter closed forthwith.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Chief District Judge